**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SANDRA PADILLA,          ) <br><br> Plaintiff,     ) <br><br> v.     ) <br><br> HIGHGATE HOTELS, L.P. d/b/a     ) <br> COURTYARD BY MARRIOTT,     ) <br><br> Defendant.     ) | Civil Action No. _____ |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), and 1446, Defendant Highgate Hotels,

L.P. ("Highgate") submits this Notice of Removal of the above-captioned action to the United

States District Court for the District of Massachusetts, from the Superior Court of

Massachusetts, County of Middlesex, where the action is now pending. As grounds for removal,

Highgate states as follows:

**I.      Timeliness of Removal.**

1.      On or about August 31, 2020, Plaintiff Sandra Padilla filed a civil action in the

Superior Court of Massachusetts, County of Middlesex, entitled *Sandra Padilla v. Highgate*

*Hotels, L.P. d/b/a Courtyard by Marriott*, Civil Action No. 2081CV02121 (the "State Court

Action").

2.      On November 24, 2020, Corporation Service Company ("CSC") received, among

other documents, copies of the following documents filed in the State Court Action: (1)

Complaint and Jury Trial Demand ("Complaint"); and (2) a Summons directed to Highgate.[1]

Several days thereafter, Highgate received copies of the Summons and Complaint via e-mail.

Copies of the Complaint and Summons are attached at Exhibits 1 and 2, respectively.[2]

3.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within

thirty (30) days after service of process on Highgate.

## II.    Venue.

4.      The Superior Court of Massachusetts, County of Middlesex, is located within the

District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, venue is proper in this Court because

it is the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.   Basis for Removal: Federal Question Jurisdiction, Diversity Jurisdiction, and Supplemental Jurisdiction.

5.      In Count III of the Complaint, Plaintiff alleges a claim against Highgate for

"Workers' Compensation Retaliation, in violation of G.L. 152, § 75B."

6.      As alleged in the Complaint, Plaintiff is employed by Highgate at the Boston

Marriott Cambridge (the "Hotel") as a Front Desk Agent. *See* Complaint (Exhibit 1) at ¶ 10.

UNITE HERE Local 26 (the "Union") is the sole collective bargaining agent for various

classifications of employees at the Hotel, including front desk employees. *See* Agreement

---

[1] CSC is, among other things, a provider of registered agent services. CSC is not, however, Highgate's registered agent in the Commonwealth of Massachusetts. Rather, Highgate's registered agent in the Commonwealth is Cogency Global Inc. *See* Exhibit 11.

[2] The Complaint and Summons, copies of which are attached hereto at Exhibits 1 and 2, respectively—along with the Civil Action Cover Sheet (copy attached hereto at Exhibit 3), Order allowing Plaintiff's Motion for Appointment as Special Process Server (copy attached hereto at Exhibit 4), and Scheduling Order for F Track (copy attached hereto at Exhibit 5)—constitute all of the process, pleadings, and orders received by Highgate in the State Court Action. *See* 28 U.S.C. § 1446(a). Highgate has filed in the State Court Action the following documents: Notice of Appearance (copy attached hereto at Exhibit 6); Defendant's Assented-To Motion for Extension of Time to Respond to Plaintiff's Complaint (copy attached hereto at Exhibit 7); Defendant's Corporate Disclosure Statement (copy attached hereto at Exhibit 8); Defendant's Answer to Plaintiff's Complaint and Jury Demand (copy attached hereto at Exhibit 9); and Defendant's First Amended Answer to Plaintiff's Complaint and Jury Demand (copy attached hereto at Exhibit 10).

Between UNITE HERE Local 26 and Courtyard Boston Cambridge (the "CBA") (copy attached at Exhibit 12), Art. 1 at 1; *see also* Complaint (Exhibit 1) at ¶ 40.

7.      Section 301 of the Labor Management Relations Act ("LMRA") confers federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a); *see Troconis v. Lucent Techs., Inc.*, 160 F. Supp. 2d 150, 154 (D. Mass. 2001). Section 301 "completely preempts a state law claim 'if the resolution of [the] state-law claim depends upon the meaning of a collective bargaining agreement.'" *Magerer v. John Sexton & Co.*, 912 F.2d 525, 528 (1st Cir. 1990) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988)) (alteration in original). A state law claim can "depend" upon the "meaning" of a collective bargaining agreement in two ways: (1) if it alleges conduct that arguably constitutes a breach of a duty that arises pursuant to a collective bargaining agreement; and (2) "if its resolution arguably hinges upon an interpretation of the collective bargaining agreement." *Troconis*, 160 F. Supp. 2d at 154-55 (citing *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 369 (1990) and *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985), *abrogated on other grounds in 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), and holding that "[i]f a state-law claim depends on the meaning of the collective bargaining agreement in either of these ways . . . it is preempted.").

8.      The anti-retaliation protections of Mass. G.L. c. 152, § 75B—the statute upon which Plaintiff's workers' compensation retaliation claim in Count III of the Complaint is based—are "subordinate to the terms of any collective bargaining agreement (CBA) between the employee's union and employer." *Fant v. New England Power Serv. Co.*, 239 F.3d 8, 14 (1st Cir. 2001); *see* Mass. G.L. c 152, § 75B(3). Section 75B(3) states as follows, in relevant part: "In the event that any right set forth in this section is inconsistent with an applicable collective

bargaining agreement, such agreement shall prevail." *See id.* That language, as this Court and the

First Circuit have recognized,

> "makes clear that to the extent that the [CBA] provides standards
> to govern the conduct underlying plaintiff's . . . claim, the claim
> will be governed by the standards of the agreement, rather than by
> the standards of ch. 152 § 75B. And to that extent, claims under
> section 75B will require interpretation of the agreement and,
> therefore, will be preempted by Section 301."

*Troconis*, 160 F. Supp. 2d at 155-56 (quoting *Magerer*, 912 F.2d at 529).

9.      In *Troconis*, this Court held that because the collective bargaining agreement at

issue (i) endowed the defendant with the right to manage the business and to direct the working

forces and operation of the business, (ii) contained and made available to employees a grievance

and arbitration procedure, and (iii) contained other provisions relevant to the plaintiff's claims of

discrimination and retaliation in violation of Section 75B, (e.g., provisions concerning medical

leave, absences, demotion, job reclassification, and acts of employer or Union discrimination),

the plaintiff's claims of discrimination and retaliation in violation of Section 75B "would clearly

require interpretation of the CBA to determine whether a conflict exists between its detailed

norms and the more general standards of section 75B," and thus were preempted by the LMRA.

160 F. Supp. 2d at 156 (citing *Martin v. Shaw's Supermarkets, Inc.*, 105 F.3d 40, 42 (1st Cir.

1997) and *Adames v. Executive Airlines, Inc.*, 258 F.3d 7, 2001 WL 792750 (1st Cir. July 19,

2001)).

10.     Here, the CBA (like the collective bargaining agreement at issue in *Troconis*)

endows the defendant (i.e., Highgate) with the right to manage the business and to direct the

workforce and the operation of the business, and contains and makes available to employees a

grievance and arbitration procedure. *See* CBA (Exhibit 12), Art. 19 at 18-19 ("Management

Rights") and Art. 20 (Grievance Procedure) at 19-20. In addition, and also like the agreement at

issue in *Troconis*, the CBA contains provisions that relate specifically to Plaintiff's claims of retaliation in violation of Section 75B, including provisions governing medical leaves of absence, returns from such leaves of absence, and acts of alleged employer discrimination. *See* Complaint (Exhibit 1) at ¶¶ 44-45 & 76-81; *see also* CBA (Exhibit 12), Art. 27 at 25 ("No Discrimination") and Art. 39 at 33-34 ("Leave of Absence").

11.     Accordingly, and as in *Troconis*, Plaintiff's claim in Count III for violation of Section 75B is preempted by Section 301 of the LMRA because it "would clearly require interpretation of the CBA to determine whether a conflict exists between its detailed norms and the more general standards of section 75B." 160 F. Supp. 2d at 156; *see id.* at 155 (holding that "[i]n parsing a State law claim for section 301 preemption, a court is not required . . . to identify an actual conflict between State law and the terms of a CBA; it must only ascertain that the potential of a conflict requiring interpretation of the CBA exists.") (citing *Martin*, 105 F.3d at 44); *see also Davenport v. Natgun Corp.*, 941 F. Supp. 2d 141, 143-44 (D. Mass. 2013) (holding that claims under 75B are preempted by Section 301(a) of the LMRA when the claim 'plausibly can be said to depend upon the meaning of one or more provisions within' the CBA") (quoting *Haggins v. Verizon of New England, Inc.*, 648 F.3d 50, 54-55 (1st Cir. 2011)); *Biagini v. Berkshire Concrete Corp.*, 190 F. Supp. 2d 170, 174-76 (D. Mass. 2002) (holding that plaintiff's claims for violation of Section 75A and 75B were preempted by Section 301 of the LMRA, and noting that "the First Circuit has repeatedly found Section 75B claims to be preempted in cases that assert retaliatory discharge in violation of these statutes," and collecting cases).

12.     Because Plaintiff's state-law claim for the Workers' Compensation statute in Count III is preempted by federal law, the Court has federal question jurisdiction under 28 U.S.C. § 1331, and removal is not precluded by 28 U.S.C. § 1445(c). *See Troconis*, 160 F. Supp. 2d at 155. Indeed, as this Court has held, any state-law claim "that is subject to complete

preemption under Section 301" of the LMRA "is considered a claim arising under federal law within the district court's jurisdiction, and thus is subject to removal "under the 'federal question' rubric." *Acciavatti v. Professional Servs. Group, Inc.*, 982 F. Supp. 69, 73 (D. Mass. 1997).

13.     The Court has jurisdiction over the action generally, including Plaintiff's other claims—for "Sex/Pregnancy Discrimination" (Count I) and "Handicap Discrimination" (Count II) under Mass. G.L. c. 151B, §§ 4(1), 4(4A), 4(5), and 4(16)—based on diversity of citizenship. 28 U.S.C. § 1332. A party may remove a pending state court action to federal court where the matter is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a).

14.     Here, Plaintiff alleges in her Complaint that she resides in Massachusetts. *See* Complaint (Exhibit 1) at ¶ 1.

15.     Highgate, by contrast, is not a citizen of Massachusetts. As a limited partnership, Highgate is considered, for diversity purposes, to be a citizen of every state of which its general and limited partners are citizens. *See, e.g.*, *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, 138 (1st Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)).

16.     Highgate has a multi-tiered ownership structure, consisting of other limited partnerships, limited liability companies, and trusts, as well as one corporation and several individuals. *See* Affidavit of Justin Mapes (copy attached at Exhibit 13) ("Mapes Aff.") at ¶ 3. None of the individuals in Highgate's ownership structure is a citizen of Massachusetts, and the only corporation in Highgate's ownership structure is a Texas corporation with its principal place of business in the State of Texas. *See id.* at ¶¶ 4-5.

17.     The trusts in Highgate's ownership structure are all "traditional" trusts and, as such, their citizenship for diversity purposes is determined by the citizenship of their trustee(s). *See* Mapes Aff. (Exhibit 13) at ¶ 6; *see also U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Dedoming*, 308 F. Supp. 3d 579, 580 (D. Mass. 2018) (holding that "[i]n a traditional trust, the relevant citizenship is that of the trust's trustee(s)"). The sole trustee of each and every one of those trusts—JPMorgan Trust Company of Delaware—is a Delaware corporation with its principal place of business in the state of Delaware. *See* Mapes Aff. (Exhibit 13) at ¶ 6. Further, to the extent that the citizenship of the trust beneficiaries is relevant, all of the beneficiaries are individuals, and none of those individuals is a citizen of Massachusetts. *See id.*

18.     The limited liability companies in Highgate's ownership structure are, for diversity purposes, citizens of every state of which their members are citizens. *See, e.g.*, *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006). None of the members of any limited liability company in Highgate's ownership structure is a citizen of Massachusetts. *See* Mapes Aff. (Exhibit 13) at ¶¶ 8, 10. Similarly, none of the limited partnerships in Highgate's ownership structure are citizens of Massachusetts. *See id.* at ¶¶ 7, 9.

19.     Accordingly, for purposes of 28 U.S.C. § 1332, the parties are diverse; Plaintiff is a citizen of Massachusetts, and Highgate is not.

20.     Further, in the State Court Action Plaintiff has alleged that the amount in controversy far exceeds the sum or value of $75,000. Specifically, in her civil cover sheet filed with the Middlesex Superior Court Plaintiff alleges that she is claiming damages in excess of $350,000, consisting of "[l]ost wages, benefits, and severe emotional distress due to harassment while pregnant, resulting in being taken to the hospital." *See* Civil Action Cover Sheet (Exhibit 3). Accordingly, this matter satisfies the amount in controversy requirement for removal

pursuant to 28 U.S.C. § 1332(a). *See McCormick v. Lischynsky*, Civil Action No. 19-10433-FDS, 2019 WL 3429242, at *2 (D. Mass. July 19, 2019) (relying on the amount of damages claimed on plaintiff's civil cover sheet in determining the amount in controversy for purposes of diversity jurisdiction).

21.     Finally, and in the alternative to diversity jurisdiction, the Court has supplemental jurisdiction over the claims in Counts I and II of the Complaint. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over state-law claims that are part of the same case or controversy as removable federal claims. *See, e.g.*, *Saintcome v. Tully*, 296 F. Supp. 3d 377, 382 (D. Mass. 2017). State and federal claims are part of the same case or controversy when they arise out of a common nucleus of operative facts and would ordinarily be expected to be tried together in one judicial proceeding. *See, e.g.*, *Roche v. John Hancock Mutual Life Ins. Co.*, 81 F.3d 249, 256 (1st Cir. 1996). Here, the state-law claims alleged in Counts I and II are part of the same case or controversy as her claim in Count III. Notably, all of those claims arise out of Plaintiff's employment with Highgate, and allege that Highgate discriminated and retaliated against her as an employee on ground proscribed by law. *See* Complaint at ¶¶ 10-81. Accordingly, Count III is removable based on federal question jurisdiction, this Court has supplemental jurisdiction over the state-law claims in Counts I and II pursuant to 28 U.S.C. § 1367, and the entire action can be removed pursuant to 28 U.S.C. § 1441(c).

## IV.     Miscellaneous Procedural Items.

22.     As required by 28 U.S.C. § 1446(d), counsel for Highgate will serve written notice of this Notice of Removal on counsel for Plaintiff and will file a copy of it with the Clerk of the Superior Court of Massachusetts, County of Middlesex.

23.    In accordance with 28 U.S.C. § 1446(a), copies of all process. Pleadings, and orders served on Highgate in the State Court Action are attached to this Notice of Removal. *See* Exhibits 1-5.

24.    In accordance with Local Rule 81.1, Highgate will file with the Court attested copies of all records, proceedings, and docket entries in the state court within 28 days of the date of this Notice.

25.    By removing this matter, Highgate does not waive or intend to waive any defense to the claims asserted in the Complaint.

WHEREFORE, Defendant Highgate Hotels, L.P. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Massachusetts, County of Middlesex, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

**HIGHGATE HOTELS, L.P.**

By its attorneys,


/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr. (BBO #659322)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Telephone: (617) 994-5700
patrick.curran@ogletreedeakins.com

Dated:  December 23, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2020 a true and correct copy of the foregoing document was served by e-mail and first class mail upon counsel for Plaintiff, as follows:

Lori A. Jodoin, Esq. (lori@theemploymentlawyers.com)
Powers, Jodoin, Margolis & Mantell LLP
111 Devonshire Street, Suite 400
Boston, MA 02109

/s/ Patrick M. Curran, Jr.
Patrick M. Curran, Jr.

45394433.1